UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM LEE MILLBROOK, | : |
| Petitioner, | : |
| | : CIVIL NO. 3:10-cv-2103 |
| v. | : |
| | : (Judge Nealon) |
| WARDEN BLEDSOE, | : |
| Respondent. | : |

**MEMORANDUM and ORDER**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was initiated by Kim Lee Millbrook, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg). Accompanying the Petition is an in forma pauperis application. See Doc. 3. Petitioner will be granted temporary leave to proceed in forma pauperis for the sole purpose of the filing of this action. However, for the reasons set forth herein, Millbrook's petition will be dismissed without prejudice.

**Background**

Named as sole Respondent is USP-Lewisburg Warden B. A. Bledsoe. Millbrook was convicted of "drug and firearm offenses, as well as several counts of witness tampering and one count of witness retaliation" following a jury trial in the United States District Court for the Central District of Illinois. United States v. Millbrook, 553 F.3d 1057, 1059 (7th Cir. 2009). As a result of that conviction, Millbrook states that he is presently serving a 372-

FILED
SCRANTON
OCT 26 2010
PER _____
DEPUTY CLERK

month term of incarceration.[1] See Doc. 1, ¶ 2. Petitioner's convictions and sentence were affirmed by the United States Court of Appeals for the Seventh Circuit on January 23, 2009. See Millbrook, 553 F.3d at 1067. Thereafter, he pursued an unsuccessful collateral challenge to his conviction and sentence via a petition under 28 U.S.C. § 2255. See Millbrook v. United States, 2010 WL 2179704 (C.D. Ill. 2010).

Petitioner's pending action claims entitlement to federal habeas corpus relief on the basis that he "was convicted and sentenced by a clear and complete miscarriage of justice in violation of the 5th Amendment." Doc. 1, ¶ 6, GROUND ONE. The gist of Millbrook's present challenge is that his criminal prosecution was improperly removed from an Illinois state court to the Central District of Illinois. As relief, Brown seeks his "immediate discharge and release." Id. at ¶ 9.

**Discussion**

The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules. See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Thus, Section 2241 habeas corpus petitions are subject to judicial screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.). In pertinent part, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

---

[1] Petitioner states that his sentencing occurred on August 13, 2007. See Doc. 2 at p. 1.

2

petitioner." In this case, it is apparent from the face of the petition that Millbrook cannot seek habeas relief in this Court.

Petitioner argues that he is entitled to bring his present claims in a § 2241 petition because he is contending that he is actually innocent. When challenging the validity of a federal conviction, and not the execution of his sentence, a federal prisoner is generally limited to seeking relief by way of a motion pursuant to § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his federal conviction and sentence.

3

Thus, he must do so by following the requirements of § 2255. As previously noted, Petitioner has already sought relief via a § 2255 action[2], therefore he must obtain certification from the Court of Appeals to file another collateral challenge to his conviction and sentence. The fact that he is unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective." Likewise the fact that both the District Court and the Court of Appeals may have previously denied his present argument does not make his claim cognizable in a § 2241 action.

Furthermore, Millbrook's assertion of actual innocence does not authorize this Court to consider his habeas corpus petition. His claim is not based upon the contention that his conduct is no longer criminal as a result of some change in the law. Nor has he shown that he is unable to present his claims in a § 2255 proceeding. As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal." Clearly, Millbrook's claims do not fall within this narrow exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence. See Levan v. Sneizek, 325 Fed. Appx. 55, 57 (3d Cir. April 2009).

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's

---

[2]. See Millbrook, 2010 WL 2179704 * 1.

4

conviction, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to file a section 2255 motion in the United States District Court for the Central District of Illinois, provided Millbrook first obtains authorization from the Seventh Circuit Court of Appeals to do so. An appropriate Order will enter.

                                                  _____
                                                  **United States District Judge**

Date: October 15, 2010

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KIM LEE MILLBROOK, :
: 
Petitioner, :
: CIVIL NO. 3:10-cv-2103
v. :
: (Judge Nealon)
WARDEN BLEDSOE, :
:
Respondent. :

## ORDER

AND NOW, THIS 25th DAY OF OCTOBER, 2010, **IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted leave to proceed in forma pauperis for the sole purpose of the filing of this action.

2. The petition for writ of habeas corpus is dismissed without prejudice.

3. The Clerk of Court is directed to close the case.

4. Based on the Court's conclusion, there is no basis for the issuance of a certificate of appealability.

_____
**United States District Judge**